USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8·21·2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:17-cv-01756-AJN |
| Plaintiff, | |
| v. | |
| VIPWALLST, INC., MICHAEL TODD OSBORN, SHENAE CATHERINE OSBORN, and VIRGIL GENE WILLIAMS, | FINAL JUDGMENT AS TO DEFENDANT VIRGIL GENE WILLIAMS |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Virgil Gene Williams having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant Virgil Gene Williams is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Virgil Gene Williams is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

        made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Virgil Gene Williams is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Virgil Gene Williams, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Virgil Gene Williams from purchasing or selling securities for his own personal account.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Virgil Gene Williams is liable, jointly and severally with Defendants Michael Todd Osborn, Shenae Catherine Osborn and VIPWallSt Inc., for disgorgement of $438,016.82, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $33,927.37 for a total of $471,944.19. Virgil Gene Williams is also liable to pay a civil penalty in the amount of $160,000.00 pursuant to Section 20(d)(2)(C) of the

3

Securities Act and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii)]. Defendant shall satisfy these obligations by paying $631,944.19 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Defendant Virgil Gene Williams as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest pursuant to 28 U.S.C. § 1961, on any unpaid amounts that are due after 14 days of entry of the Final Judgment.

4

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Virgil Gene Williams, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Virgil Gene Williams under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Aug. 18, 2017

ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

5